IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON COOKE, | No. 04-4439 CW |
|     Petitioner, | ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR ORDER ALTERING OR AMENDING JUDGMENT (Docket No. 42) |
|   v. | |
| JOSE SOLIS, Warden, California Training Facility-Central; et al., | |
|     Respondents. | |

Pursuant to Federal Rule of Civil Procedure 59, Petitioner Damon Cooke moves for an order altering or amending the Court's Order of June 24, 2010. Respondent Jose Solis opposes the motion in part. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Cooke's motion in part and DENIES it in part.

BACKGROUND

Because the facts of this case are detailed in the Ninth Circuit's opinion on Cooke's appeal concerning his petition for a writ of habeas corpus, they will not be repeated here in their entirety. See generally Cooke v. Solis, 606 F.3d 1206 (9th Cir. 2010). The facts relevant to Cooke's motion are as follows.

In 1991, Cooke was convicted of attempted first degree murder and sentenced to seven years to life in prison, with the possibility of parole. A four-year enhancement was added to his sentence based on the use of a firearm during the perpetration of

the crime.

On November 19, 2002, the California Board of Prison Terms[1] held a hearing to assess Cooke's suitability for parole.  The Board found Cooke not suitable because "he 'would pose an unreasonable risk to society if released from prison.'"  Cooke, 606 F.3d at 1211.

On December 19, 2003, Cooke filed a petition for a writ of habeas corpus in Alameda County Superior Court.  The court denied the petition, concluding that "there was some evidence, including but certainly not limited to the life offense, to support the board's denial of Petitioner's parole."  Id. at 1212.  Cooke subsequently sought relief from the state court of appeal and the California Supreme Court, both of which summarily denied his requests.  Id.

On October 18, 2004, Cooke filed a petition in this district for a federal writ for habeas corpus.  His petition was assigned to the Honorable Martin J. Jenkins and was denied.  He timely appealed to the Ninth Circuit Court of Appeals.

On June 4, 2010, the Ninth Circuit reversed the decision of the district court, concluding that the "Parole Board's findings were individually and in toto unreasonable because they were without evidentiary support," and remanded with instructions to "grant the writ."  Id. at 1216.  The mandate of the Ninth Circuit issued the same day.  Following remand, Cooke's case was reassigned

---

[1] On July 1, 2005, the California Board of Parole Hearings (BPH) replaced the Board of Prison Terms.  Cal. Pen. Code § 5075(a).

2

to the undersigned because Judge Jenkins no longer sits on this court.

On June 24, 2010, the Court granted Cooke's petition for a writ of habeas corpus and directed the Board to hold a new hearing within sixty days from the date of that Order to reevaluate Cooke's suitability for parole in accordance with the Ninth Circuit's decision.  The Order also provided, "If the Board finds Petitioner suitable for parole and sets a release date and the Governor does not reverse, the Court will stay Petitioner's actual release for two weeks to allow Respondents to request a stay pending appeal from this Court and, if necessary, from the Court of Appeals."

In accordance with the Court's June 24, 2010 Order, the Board of Parole Hearings held a proceeding on August 19, 2010 to determine Petitioner's suitability for parole in light of the Ninth Circuit's decision in this case.  Petitioner was found unsuitable for parole based in part on conduct since his 2002 hearing.  The Board also noted that, on April 15, 2010, Petitioner had stipulated to unsuitability for three years.

## LEGAL STANDARD

Rule 59(e) provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Rule 59(e) motions are interpreted as motions for reconsideration, and are appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  Sch. Dist. No. 1J, Multnomah County, Or. v.

3

AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).

## DISCUSSION

Cooke asks the Court to amend its June 24, 2010 Order to eliminate the provision for an anticipatory stay and to provide for his immediate release from prison without a further parole hearing. He also asks the Court to order that he be released from custody and not be subject to a period of parole as required under California Penal Code § 3000. Because Respondent does not oppose Cooke's request as to the anticipatory stay, the June 24, 2010 Order is amended to delete the provision therefor. Respondent, however, opposes Cooke's request for an order requiring his immediate release without a further hearing and discharging him from any parole period.

In arguing for immediate release, Cooke cites McQuillion v. Duncan (McQuillion I), 306 F.3d 895 (9th Cir. 2002). In that case, the Ninth Circuit concluded that the Board's 1994 rescission of its original grant of parole to the petitioner was not supported by any evidence and granted the petition for habeas corpus relief. Id. at 904-912. The McQuillion I court remanded the case to the district court with instructions to "grant the writ." Id. at 912. On remand, the district court ordered the immediate release of the petitioner. McQuillion v. Duncan, 253 F. Supp. 2d 1131, 1136 (C.D. Cal. 2003). The warden asked the district court to order, in lieu of immediate release, that the Board grant the petitioner a new rescission hearing. Id. at 1133. The district court denied the warden's motion, but stayed its judgment to allow the warden time

4

to appeal. Id. at 1136.

In McQuillion v. Duncan (McQuillion II), 342 F.3d 1012 (9th Cir. 2003), the Ninth Circuit held that the district court had properly interpreted the Ninth Circuit's direction in McQuillion I. The Ninth Circuit rejected the respondent's argument that the case should be remanded to the Board for a new rescission hearing because the question before the Board at its last decision to rescind the grant of parole was whether in 1979 the Board had improvidently granted a parole date to the petitioner. Id. at 1015. The Ninth Circuit explained, "There is no reason to remand to the Board to reconsider that question, given that the evidence in the 1994 hearing pertained to the entirely historical question of what the Board had done in 1979; given that the same evidence as in 1994 would be before the Board on remand; and given that we held in McQuillion I that the Board in 1994 had improperly found, based on that evidence, that the parole date had been improvidently granted in 1979." Id.

Here, the Board concluded that Cooke was unsuitable for parole. Because this decision was not supported by some evidence, the Ninth Circuit concluded it violated Cooke's right to due process. However, this does not, on its own, require Cooke's immediate release. Unlike in McQuillion's case, no tribunal has found Cooke to be suitable for parole. The McQuillion I court held that the Board's rescission decision to be in error and, in essence, reinstated the Board's earlier finding of suitability. No such finding exists here. Further, the evidence subject to review by the Board on remand here is not similarly limited to the

5

evidence at issue in McQuillion II.  See In re Prather, 50 Cal. 4th 238, 256 (2010) ("Indeed, it is possible that older evidence was not cited by the Board, and was not contained in the record before the reviewing court, because the parties determined such evidence was irrelevant.  Yet, if new evidence emerges after the last suitability hearing, this older evidence may take on new relevance and may provide support for a determination that a prisoner is not suitable for parole.").

Cooke's argument suggests that, if the Ninth Circuit instructs a district court to "grant the writ," the lower court must provide the relief specifically sought in the writ petition which, in this case, is immediate release.  However, as Cooke acknowledges, Pirtle v. California Board of Prison Terms, 611 F.3d 1015 (9th Cir. 2010), reiterates the principle that district courts have discretion to fashion habeas corpus relief.  The Ninth Circuit explained,

> Federal courts have the latitude to resolve a habeas corpus petition as law and justice require.  Ordering the release of a prisoner is well within the range of remedies available to federal habeas courts.  Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him.

Id. at 1025 (citations and internal quotation marks omitted).  Thus, although a district court can order immediate release, there is no requirement that it must do so, unless instructed otherwise.[2]

---

[2] The Ninth Circuit has instructed district courts on the specific habeas relief necessary.  See, e.g., Maxwell v. Roe, 606 F.3d 561, 577 (9th Cir. 2010) (remanding with instructions to "grant a writ of habeas corpus directing the state to provide Maxwell with a new trial in a reasonable amount of time or release him"); Chambers v. McDaniel, 549 F.3d 1191, 1201 (9th Cir. 2008) (remanding with instructions to "grant the writ of habeas corpus and order the State of Nevada to release Chambers, unless the State

6

Here, the Court decided to remand Cooke's case to the Board for further review in accordance with the Ninth Circuit's decision. That hearing has now been held. The parties shall provide further briefing regarding the current posture of the case and their proposed resolutions. In particular, Petitioner shall address the Board's new reasons for finding him not suitable and the effect of his April 15, 2010 stipulation of unsuitability for three years. A briefing schedule is provided below.

Cooke also asks the Court to order that he be relieved of serving any statutorily required parole period upon his release. It is true that, under California and federal case law, habeas relief could include the adjustment of a petitioner's parole period, under appropriate circumstances. See, e.g., In re Ballard, 115 Cal. App. 3d 647 (1981); In re Kemper, 112 Cal. App. 3d 434 (1980); see also Thomas v. Yates, 637 F. Supp. 2d 837, 842 (E.D. Cal. 2009). However, on the current facts, the Court is not required to, and will not, so order. Cooke cites McQuillion II to argue that, had the Board found him suitable for parole in November, 2002, he would have been released by March, 2003 and any period of parole would have already expired. See Cal. Pen. Code § 3000(b). As explained above, McQuillion II is inapposite. There, the court rejected the respondent's argument that it was necessary for the district court to provide for a three-year period of parole when it ordered petitioner's immediate release. McQuillion II, 342 F.3d at 1015. The court explained that, had the

---

elects to retry Chambers within a reasonable amount of time"). Here, no such instruction was given.

7

1  petitioner been released on the date to which he was entitled, his
2  parole period would have already expired.  <u>Id.</u>  Here, there has
3  been no finding that Cooke is suitable for parole, nor has a
4  release date been set.  Thus, the Court is not required to credit
5  the period Cooke has spent in prison since his 2002 suitability
6  hearing toward his period of parole.  <u>See</u> <u>In re Bush</u>, 161 Cal. App.
7  4th 133, 145 (2008) (distinguishing <u>McQuillion</u> and concluding that
8  petitioner was not entitled to additional credits for unlawful
9  prison custody).

CONCLUSION

11     For the foregoing reasons, the Court GRANTS in part and DENIES
12 in part Cooke's motion for an order altering and amending the
13 Court's June 24, 2010 Order.  (Docket No. 42.)  Because Respondent
14 does not oppose Cooke's request to delete the provision for an
15 anticipatory stay, the Court strikes from the June 24, 2010 Order
16 the sentence that reads, "If the Board finds Petitioner suitable
17 for parole and sets a release date and the Governor does not
18 reverse, the Court will stay Petitioner's actual release for two
19 weeks to allow Respondents to request a stay pending appeal from
20 this Court and, if necessary, from the Court of Appeals."  To the
21 extent Cooke asked for release without a further hearing, his
22 motion is DENIED as moot.  In all other respects, his motion is
23 DENIED.

24     As noted above, the parties shall file briefing on the current
25 posture of this case and their proposed resolutions.  Cooke's brief
26 shall be due twenty-one days from the date of this Order.
27 Respondent's brief shall be due fourteen days after Cooke's brief

8

is filed, and any reply shall be due seven days after that.  The Court will set a hearing, if necessary.

IT IS SO ORDERED.


Dated: 11/23/2010

CLAUDIA WILKEN
United States District Judge